1
2
3
4
5
6   UNITED STATES DISTRICT COURT

7   EASTERN DISTRICT OF WASHINGTON

8   PEDRO RODRIGUEZ,

9        Plaintiff,                    NO.  CV-04-262-RHW

10        v.                            **ORDER DENYING
                                        DEFENDANT'S MOTION FOR
11   MCCAIN FOODS USA, INC., a          SUMMARY JUDGMENT *INTER
     Maine corporation,                 ALIA***
12
          Defendant.
13

14        Before the Court are Defendant's Motion for Summary Judgment (Ct. Rec.

15   10) and related motions, including Defendant's Motion to Strike Memorandum in

16   Opposition to Motion, Statement of Facts (Ct. Rec. 28), Defendant's Motion to

17   Expedite Hearing re: Motion to Strike (Ct. Rec. 27), Defendant's Motion to Strike

18   Memorandum in Opposition to Motion (Ct. Rec. 42), and Defendant's Motion to

19   Expedite Hearing re: Defendant's Motion to Strike (Ct. Rec. 41).  For the reasons

20   stated below, the Court denies Defendant's motions.

21                                   **BACKGROUND**

22        Plaintiff Pedro Rodriguez is suing his former employer, McCain Foods

23   USA, Inc. ("McCain"), for employment discrimination on the basis of age under

24   RCW 49.60, *et seq.*, and for common law retaliatory discharge.  *See* RCW

25   51.48.025; *Wilmot v. Kaiser Aluminum & Chem. Corp.*, 118 Wn.2d 46, 53-54

26   (1991).  Plaintiff filed this case in Superior Court, and Defendant removed to this

27   Court pursuant to 28 U.S.C. § 1441(b).  This Court has original jurisdiction under

28   28 U.S.C. § 1332 because this is a civil action between citizens of different states,

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
*INTER ALIA* * 1

1   and the amount in controversy exceeds $75,000.

2                           **STANDARD OF REVIEW**

3          Summary judgment is appropriate if the "pleadings, depositions, answers to

4   interrogatories, and admissions on file, together with the affidavits, if any, show

5   that there is no genuine issue as to any material fact and that the moving party is

6   entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  There is no

7   genuine issue for trial unless there is sufficient evidence favoring the nonmoving

8   party for a jury to return a verdict in that party's favor.  *Anderson v. Liberty Lobby,*

9   *Inc.,* 477 U.S. 242, 250 (1986).  If the nonmoving party "fails to make a showing

10  sufficient to establish the existence of an element essential to that party's case, and

11  on which the party will bear the burden of proof at trial," then the trial court should

12  grant the motion.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When

13  considering a motion for summary judgment, a court may neither weigh the

14  evidence nor assess credibility; instead, "the evidence of the non-movant is to be

15  believed, and all justifiable inferences are to be drawn in his favor."  *Anderson v.*

16  *Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

17                           **DISCUSSION**

18         The Court has considered the parties' briefing and argument and finds there

19  are issues of fact that make summary judgment improper.  Taking Plaintiff's

20  evidence as true, the alleged statements of Mr. Korrell, Plaintiff's direct supervisor,

21  put into issue whether his part in Plaintiff's dismissal was motivated by a

22  retaliatory animus.  A comparison of the record of disciplinary actions against

23  Plaintiff before and after he filed his hearing loss claim with the Department of

24  Labor and Industry similarly raises a question of material fact as to whether

25  retaliation was a motivating factor in his termination, and as to whether his job

26  performance was in fact satisfactory as is necessary to state a prima facie case.  For

27  the same reasons, the Court finds dismissal of Plaintiff's age discrimination claim

28  inappropriate as well.  Because there are genuine issues of material fact, the Court

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
*INTER ALIA * * 2

does not grant Defendant's motion for summary judgment.

Having reviewed the record, heard from counsel, and been fully advised in this matter, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment (Ct. Rec. 10) is **DENIED**.

2. Defendant's Motion to Strike Memorandum in Opposition to Motion, Statement of Facts (Ct. Rec. 28), Defendant's Motion to Expedite Hearing re: Motion to Strike (Ct. Rec. 27), Defendant's Motion to Strike Memorandum in Opposition to Motion (Ct. Rec. 42), and Defendant's Motion to Expedite Hearing re: Defendant's Motion to Strike (Ct. Rec. 41) are **DENIED AS MOOT**.

3. The parties' oral motion to extend time to file their joint pretrial order is **GRANTED**.  The parties shall file their joint pretrial order on or before October 21, 2005, the date of their pretrial conference.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this  7th  day of October, 2005.


　　　　　　　　s/Robert H. Whaley
ROBERT H. WHALEY
CHIEF UNITED STATES DISTRICT JUDGE


Q:\CIVIL\2004\Rodriguez\Rodriguez.sj.deny.ord.wpd

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
*INTER ALIA* * 3